Twylah STALCUP, Personal Representative of the Estate of Hallie I. Travis, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CIV–90–1731–W.

United States District Court,
W.D. Oklahoma.

Sept. 20, 1991.

Denver W. Meacham, II, Meacham & Meacham, Clinton, Okl., Kristen G. Juras, Church & Harris, Great Falls, Mont., for plaintiff.

Robert D. Millstone, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## ORDER

LEE R. WEST, District Judge.

This matter comes before the Court on reciprocal Motions for Partial Summary Judgment by both the Plaintiff Stalcup and the Defendant United States of America. These motions are reciprocal in the sense that each side asks for partial summary judgment in its favor on the same issue in this case. The issue before this Court is whether to give effect to the gift tax limitations period when computing the rate of an estate tax. The Court concludes that the limitations period used for valuation of gifts for preceding calendar years when imposing the rate of gift tax does not apply to the valuation of gifts when imposing the rate of estate tax.

### Stipulation of Facts

Plaintiff Twylah Stalcup, personal representative of the Estate of Hallie I. Travis,

deceased (Plaintiff Stalcup) and the Defendant United States of America (Defendant United States) stipulated to the following facts:

1. Plaintiff is the personal representative of the Estate of Hallie I. Travis, deceased. Plaintiff is a resident of Oklahoma County, Oklahoma.

2. All procedural requirements mandated by statute to be taken by the Plaintiff prior to the filing of this action have been taken, including the payment in full of the tax, penalties and interest for which the refund is sought and the filing of a claim for refund of such tax with the Internal Revenue Service as required by Section 7422 of the Internal Revenue Code (the "Code").

3. In 1977, 1978, 1981, 1982, 1985 and 1986, the decedent made gifts of land and minerals to family members.

4. Gift tax returns were timely filed for the gifts made in 1977, 1978, 1981 and 1982. At the time the assessment of additional estate taxes had been issued, more than three years had passed since the filing of the gift tax returns. Copies of those returns are attached as Exhibits A through D to the Document Stipulation filed simultaneously herewith.[1]

5. The IRS noted a mathematical error on the gift tax return filed for the period ending March 31, 1981, and corrected it. See the Letter Form 1166(SC) attached as Exhibit H to the Document Stipulation. Except for this mathematical correction, the gift tax returns were not examined or audited.

6. With respect to the gift tax return filed for the period ending December 1977, the amount reported was less than the annual exclusion amount, and no tax was due based upon the amount of the gift as reported. For the periods ending December 1978, March 1981, and December 1982, the reported value of the gifts exceeded the annual exclusion amount. The amount of tax imposed was reduced by the unified credit. Thus, no tax was paid when the returns were filed.

7. No gift tax returns were filed for 1985 or 1986.

8. Mrs. Travis died on July 8, 1986. Plaintiff timely filed a Form 706, United States Estate Tax Return, which is attached as Exhibit E to the Document Stipulation. On line 4 of the Form 706, Plaintiff reported as adjusted taxable gifts made in prior years the sum of $196,000, which is the sum of the taxable gifts reported on the gift tax returns filed in 1977, 1978, 1981 and 1982.

9. In its audit of the Form 706, the Internal Revenue Service determined that Mrs. Travis had undervalued the gifts reported on the 1977, 1978, 1981 and 1982 gift tax returns. It also determined that Mrs. Travis undervalued the gifts made by her in 1985 and 1986. In its notice of deficiency, the Internal Revenue Service increased the amount of prior adjusted taxable gifts from the $196,000 reported by Plaintiff to $1,068,600, an increase of $872,-600, as follows:

| Adjusted Taxable Gifts | As Returned | As Adjusted |
|---|---|---|
| 7712 | $     0 | $     1,000 |
| 7812 | 3,000 | 40,200 |
| 8103 | 31,000 | 183,000 |
| 8212 | 162,000 | 838,800 |
| 8512 | 0 | 3,200 |
| 8612 | 0 | 2,400 |
| | $196,000 | $1,068,600 |

---

**1.** A document stipulation was attached to the Stipulation of Facts filed by the parties on May 31, 1991, and is incorporated herein by reference.

The increases to the gifts are set forth in the Notice of Deficiency attached as Exhibit F to the Document Stipulation.

### Statement of Issue

When computing the estate taxes, Defendant United States revalued the gifts reported on the deceased's tax returns for 1978, 1981 and 1982. Plaintiff asserts that the limitations period applicable to gift tax computation bars the revaluation of gifts when imposing estate taxes. Under Chapter 12 of the Internal Revenue Code, once the limitations period has expired, the value of the gift as reported in the return will be the value of the gift used in computing the current rate of gift tax. By way of explanation, the rate of gift tax is a cumulative process in which prior gifts are taken into account to determine the current rate of tax.

Defendant United States responds that the limitations period for revaluation of gifts applies to the imposition of gift tax only. When calculating estate tax, Defendant asserts that it may revalue gifts for the purpose of determining the rate of tax applied to the estate. The Court agrees with Defendant United States' position.

### Gift Tax

Chapter 12 of the Internal Revenue Code, 26 U.S.C. § 2501 *et seq.* provides for the imposition of gift taxes. Under 26 U.S.C. § 2504(c), Congress provided for a limitations period on the revaluation of gifts for the purposes of computing gift taxes. This sub-section provides as follows:

Valuation of certain gifts for preceding calendar periods.—If the time has expired within which a tax may be assessed under this chapter or under corresponding provisions of prior laws on the transfer of property by gift made during a preceding calendar period, as defined in section 2502(b), and if a tax under this chapter or under corresponding provisions of prior laws has been assessed or paid for such preceding calendar period, the value of such gift made in such preceding calendar period shall, *for purposes of computing the tax under this chapter* for any calendar year, be the value of such gift which was used in computing the tax for the last preceding calendar period for which a tax under this chapter or under corresponding provisions of prior laws was assessed or paid. (Emphasis added.)

The expiration of time in which the tax may be assessed is the three-year limitations period as provided in 26 U.S.C. § 6501.

It is clear from the face of this statute that the limitations on revaluation apply to the gift tax area solely, (i.e. "for purposes of computing the tax under this chapter"). The legislative history regarding § 2504(c) contemplates its purpose only as it relates to measuring gift tax:

"It is believed that once the value of a gift has been accepted for the purposes of the tax by both the Government and the taxpayer, this value should be *acceptable to both in measuring the tax to be applied to subsequent gifts.* For that reason the bill provides that the value of a gift as reported on a taxable gift tax return for a prior year is to be conclusive as to the value of the gift (after the statute of limitations has run) in determining the tax rate to be applied to subsequent gifts. *This substantially increases certainty in the gift tax area."* (Emphasis added.) 1954 U.S. Code Cong. & Admin.News at 4761.

### Estate Tax

The estate tax rate is computed by adding the sum of the taxable estate and the amount of the adjusted taxable gifts, credited by the amount which would have been payable under the gift tax. Title 26, U.S.C. § 2001(b) provides as follows:

Computation of tax.—The tax imposed by this section shall be the amount equal to the excess (if any) of—

(1) a tentative tax computed under subsection (c) on the sum of—

(A) the amount of the taxable estate, and

(B) the amount of the adjusted taxable gifts, over

(2) the aggregate amount of tax *which would have been payable under chapter 12* with respect to gifts made by

the decedent after December 31, 1976, if the provisions of subsection (c) (as in effect at the decedent's death) had been applicable at the time of such gifts.

For purposes of paragraph (1)(B), *the term "adjusted taxable gifts" means the total amount of the taxable gifts (within the meaning of section 2503)* made by the decedent after December 31, 1976, other than gifts which are includible in the gross estate of the decedent. (Emphasis added.)

### Analysis

This Court carefully reviews the language of the statutes cited above and concludes that Congress did not intend the limitations period of § 2504(c) to be included in the computation of the estate tax. The Court first notes that adjustable taxable gifts under § 2001(b) (computation formula for estate tax) are defined as the total amount of taxable gifts "within the meaning of section 2503." Under § 2503 (definition of taxable gifts), there is no reference or connection to § 2504(c) regarding valuation of gifts after the limitations period has run. Instead, § 2503 precisely defines taxable gifts as the amount of gifts made during the calendar year, less the deductions as provided in § 2522 *et seq.* Thus, under Chapter 12 (taxable gifts), the definition of taxable gifts is distinct and unconnected to the computation of valuation of those gifts after the limitations period has run. Congress when enacting § 2001(b) (computation formula for estate tax) precisely chose § 2503 for the definition of adjusted taxable gifts when applied to estate taxes. Congress could have easily defined adjusted taxable gifts as the amount of taxable gifts within the meaning of "Chapter 12" (the chapter on gift tax) rather than limiting the definition to "section 2503." If Congress had chosen the language "Chapter 12" then the bar against revaluation of gifts after the limitations period would be included in the estate tax computation as well. Instead, Congress carefully excised the computation method involving a limitations period prescribed for

gift taxes when enacting the estate tax computation. This Court cannot ignore the plain and precise language of the statute.

Additionally, the Court notes that when Congress enacted the formula for estate tax computation, it allowed for a credit of the aggregate amount of tax "which would have been payable under Chapter 12." Congress could have easily stated that the taxpayer would be credited the aggregate amount of tax which "had been paid under Chapter 12." If Congress had chosen such words, it would support the interpretation that computation of taxable gifts under Chapter 12 and the effect of the limitations period were an inflexibly part of the estate tax computation.[2] Instead, Congress used the language "which would have been payable under Chapter 12" supporting an interpretation that the United States could revalue the gifts and credit the taxpayer for the amount "which would have been payable" if so valued. Thus, even though the Internal Revenue Service revalues a gift for a higher amount, *no additional gift tax is assessed* because the taxpayer is correspondingly credited for the amount of gift tax that would have been payable. Under this reading of the precise statutory language, the revaluation of gifts for estate tax purposes affects only the rate of the estate tax because the taxpayer is credited after revaluation for the taxes which would have been payable under Chapter 12. The Court finds that the precise and carefully-crafted language of the statute leads to the inescapable conclusion that gifts may be revalued for purposes of computing the estate tax rate.

This Court is aware of Plaintiff's well-argued position that certainty in the value of gifts is needed in the area of estate and gift taxes. The Court is also cognizant of *Boatmen's First National Bank v. United States,* 705 F.Supp. 1407 (W.D.Mo.1988), which holds contrary to this Court's finding. This Court may agree that inconsistencies and uncertainties result from revaluation of gifts after the death of the donor,

2. Clearly, if the taxpayer could be credited only with what he had already paid under gift tax computations, it would be consistent to prohibit

revaluation of gifts because a higher revaluation would result in an additional gift tax.

**718**

but cannot agree that Congress intended the limitations period to apply to estate taxes. Finally, the Court agrees with the position taken in the *Estate of Smith v. Commissioner of Internal Revenue*, 94 T.C. 872 (1990) which also utilized a statutory construction to resolve the issue.

### Conclusion

Accordingly, this Court GRANTS partial summary judgment in favor of the Defendant United States and DENIES the Plaintiff's Motion for Partial Summary Judgment on the same issue.